ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| LEONARDO LANTIGUA GONZÁLEZ ET ALS<br><br>Apelante<br><br>v.<br><br>FANOVIDAL, S.E.<br><br>Apelada | TA2026AP00128 | Apelación procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm.:<br>BY2024CV05269<br><br>Sobre:<br>Nulidad de Sentencia |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 10 de marzo de 2026.

Este Recurso de *Apelación,* fue presentado el 9 de febrero de 2026 por los Apelantes Leonardo Lantigua González y su esposa, (en adelante apelantes). El mismo se presentó contra la Sentencia, emitida el 21 de diciembre de 2025 y enmendada el 22 de diciembre de 2025.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, confirmamos el dictamen apelado por los fundamentos que expondremos a continuación.

**I.**

El 9 de septiembre de 2024, el señor Leonardo Lantigua González, y la Sociedad de Gananciales compuesta con la señora Jocylania Burgos de Lantigua (en conjunto, apelantes) presentaron una "Demanda" sobre nulidad de sentencia. En esencia, alegaron que, el 27 de septiembre de 2023, se dictó "Sentencia" en rebeldía en el caso BY2023CV02549 en violación a su debido proceso de ley. Adujeron que, en ese caso, el aquí

apelado mintió en la declaración jurada que utilizó para justificar su petición para emplazar por edicto. Por entender que la "Sentencia" se dictó sin jurisdicción sobre la persona, solicitaron el relevo más $200,000.00 en daños.

Prestada la fianza de no residente,[1] el 22 de enero de 2025, Fanovidal, S. E. presentó una "Moción de Desestimación" y la parte aquí apelante radicó su "Moción en Oposición a Solicitud de Desestimación" el 18 de febrero de 2025.

Evaluadas las posiciones de ambas partes, el 19 de febrero de 2025,[2] el Tribunal de Primera Instancia emitió una "Sentencia Parcial" mediante la cual declaró No Ha Lugar la solicitud de desestimación presentada por el aquí apelado. No obstante, el foro primario determinó desestimar con perjuicio la causa de acción por daños y perjuicios.

Luego de otros eventos procesales, mediante "Resolución" del 8 de marzo de 2025,[3] el foro apelado declaró No Ha Lugar la petición de reconsideración presentada por el ahora apelado, y dichos actos del TPI fueron confirmados por este foro apelativo intermedio.

La realidad que no está en controversia la detallamos a continuación: el 11 de mayo de 2023, Fanovidal, S.E. presentó Demanda de Cobro de Dinero e Incumplimiento de Contrato en el caso FANOVIDAL, S. E. v. STAR Hípica SPORTS CENTER, CORP.et al. Civil BY2023CV025491 sobre Cobro de Dinero/Incumplimiento de Contrato.

El 29 de septiembre de 2022, Fanovidal S.E., STAR HIPICA SPORTS CENTER CORP. y Leonardo Lantigua González firmaron

---

[1] La parte demandante consignó una fianza de $5,000.00, según ordenado por el Tribunal. Véase, apéndice pág. 19.
[2] Notificada el 20 de febrero de 2025.
[3] Notificada el 10 de marzo de 2025.

un Contrato de Arrendamiento. En dicho Contrato de Arrendamiento firmado el 29 de septiembre de 2022, se informó que Leonardo Lantigua González es vecino de la República Dominicana. En el Contrato de Arrendamiento firmado el 29 de septiembre de 2022, se estableció que toda comunicación escrita a STAR HIPICA SPORTS CENTER CORP. y a Leonardo Lantigua González iba a ser a: PO Box 603 Toa Alta, Puerto Rico 00954.

El 31 de mayo de 2023, en el caso BY2023CV02549, fue emplazada personalmente la corporación STAR HIPICA SPORTS CENTER, CORP. a través de su agente residente la Sra. Mercedes Rivera.

El 5 de julio de 2023, en el caso BY2023CV02549, el TPI dictó Sentencia Parcial en contra de Star Hípica Sports Center, Corp. El mismo 5 de julio de 2023, en ese caso BY2023CV02549, se presentó la Moción Solicitando Autorización Para Emplazar por Edicto. Junto con el referido escrito, se presentó la Declaración Jurada del 5 de julio de 2023. El 6 de julio de 2023, en el caso BY2023CV02549, el TPI atendió la Moción junto con la Declaración Jurada y determinó lo siguiente: "Vista la demanda en el caso, la Moción solicitando autorización para emplazar por edicto de la Parte Demandante y la Declaración Jurada que se acompaña a la misma y habiéndose demostrado a satisfacción de este Tribunal que la parte demandada no puede ser emplazada personalmente, por una o más de las causas y razones contempladas par la Regla 4.6 de las de Procedimiento Civil, según enmendada, SE ORDENA que el emplazamiento se haga por media de EDICTOS en esta acción a la parte demandada LEONARDO LANTIGUA."

El 10 de agosto de 2023, en el caso BY2023CV02549, al haber advenido en conocimiento de que el demandado era casado, la parte demandante solicitó sustitución de parte sobre Fulana de

Tal y la sociedad legal de ganaciales. El 10 de agosto de 2023, se presentó la Moción Solicitando Autorización Para Emplazar por Edicto a la demandada de nombre desconocido Fulana de Tal y la Sociedad Legal de Gananciales. El 11 de agosto de 2023, el TPI atendió la Moción y determinó lo siguiente: "Vista la demanda en el caso, la Moción solicitando autorización para Emplazar por Edicto de la parte demandante y la Declaración Jurada que se acompaña a la misma y habiéndose demostrado a satisfacción de este Tribunal que la parte demandada no puede ser emplazada personalmente, por una o más de las causas y razones contempladas par la Regla 4.6 de las de Procedimiento Civil, según enmendada, SE ORDENA que el emplazamiento se haga por medio de EDICTOS en esta acción a la parte demandada FULANA DE TAL y LA SOCIEDAD LEGAL DE GANANCIALES compuesta con LEONARDO LANTIGUA".

El 17 de julio de 2023, Fanovidal S.E., en el caso BY2023CV02549, presentó Moción Informativa acreditando que el emplazamiento por edicto para Leonardo Lantigua fue publicado el día 11 de julio de 2023 y debidamente notificado mediante correo certificado con acuse de recibo a la última dirección conocida provista por la parte demandada en el contrato que otorgaron las partes. El 24 de agosto de 2023, Fanovidal S.E., en el caso BY2023CV02549, presentó Moción Informativa acreditando que el emplazamiento por edicto para Fulana de Tal y La Sociedad legal de Gananciales fue publicado el día 15 de agosto de 2023 y debidamente notificado mediante correo certificado con acuse de recibo a la última dirección conocida provista por la parte demandada en el contrato que otorgaron las partes. EI 29 de agosto de 2023, Fanovidal S.E., en el caso BY2023CV02549, presentó Moción Informativa acreditando que el

emplazamiento por edicto para La Sociedad Legal de Gananciales a través de Leonardo Lantigua fue publicado el día 23 de agosto de 2023 y debidamente notificado mediante correo certificado con acuse de recibo a la última dirección conocida provista por la parte demandada en el contrato que otorgaron las partes.

El 27 de septiembre de 2023 el TPI dictó Sentencia en Rebeldía, notificada el 29 de septiembre de 2023, en el caso FANOVIDAL, S.E. v. STAR HIPICA SPORTS CENTER, CORP.et al. Civil BY2023CV02549. Dicha Sentencia advino final y firme sin recurso de reconsideración ni apelación alguna a Tribunal de mayor jerarquía.

El 9 de septiembre del 2024, se radicó la demanda en el caso de epígrafe, Sobre Relevo de Sentencia[4]. Luego de varios incidentes procesales resueltos por el TPI, el 16 de octubre del 2025, la parte demandada (aquí apelada), radicó una solicitud de Sentencia Sumaria[5] al amparo de la Regla 36 de las de Procedimiento Civil. Ese mismo día el TPI le ordenó[6] a la parte demandante para que en un término de 30 días exponga su posición en cuanto a dicha solicitud de la parte allí demandada, (aquí apelada).

El 17 de noviembre del 2025, la parte Apelante, sometió su Moción en Oposición a la solicitud de Sentencia Sumaria radicada por la parte Apelada.

El TPI, mediante Sentencia del 21 de diciembre de 2025 y enmendada el 22 de diciembre de 2025, dictó de forma sumaria, Sentencia que desestima el reclamo de la parte aquí apelante y

---

[4] Ver apéndice ENT # 1 de SUMAC.
[5] Ver apéndice ENT # 71 de SUMAC.
[6] Ver apéndice ENT # 72 de SUMAC.

valida la sentencia que antes se había dictado a favor de la parte aquí Apelada.

Contra dicha Sentencia se solicitó Reconsideración por la parte aquí apelante, la cual se declaró No Ha Lugar, el 8 de enero de 2026[7].

Inconformes, los apelantes presentan este recurso el pasado 9 de febrero de 2026.

En esta Apelación se señaló la comisión del siguiente error:

> *Erró el Honorable Tribunal de Primera Instancia al resolver el caso de epígrafe mediante Sentencia Sumaria, sin considerar si la declaración jurada era suficiente para solicitar el emplazamiento por edicto contra el Apelante, ante la Alegación y controversia del Apelante de que dicha declaración jurada contenía información falsa.*

Mediante "Resolución" emitida el 11 de febrero de 2026, concedimos a los apelados un término para someter su postura. A esos efectos, el 13 de febrero de 2026 los apelados presentaron "Oposición A Apelación". Contando con la posición de ambas partes, procedemos a resolver.

## II.

## A.

Es norma reiterada que nuestro ordenamiento procesal civil reconoce el uso y valor del mecanismo de la sentencia sumaria como vehículo para asegurar la solución justa, rápida y económica de aquellos litigios de naturaleza civil en los que no existe una controversia genuina en torno a los hechos materiales que componen la causa de acción que se contempla. Universal Company y otros v. ELA, 211 DPR 455, 472 (2023); Roldán Flores v. M. Cuebas, Inc., 199 DPR 664, 672 (2018); Rodríguez Méndez v. Laser Eye, 195 DPR 769, 785 (2016); Meléndez González et al.

---

[7] Ver Apéndice Ent. # 83 de SUMAC.

v. M. Cuebas, 193 DPR 100, 109 (2015); SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 430 (2013); Ramos Pérez v. Univisión, 178 DPR 200, 213 (2010).

Tal herramienta posibilita la pronta resolución de una controversia cuando no se requiera la celebración de un juicio en su fondo. Ahora bien, para que proceda este mecanismo es necesario que, de los documentos no controvertidos, surja de que no hay una controversia real y sustancial sobre los hechos materiales del caso. Universal Company y otros v. ELA, supra; Ramos Pérez v. Univisión, supra, pág. 214.

La Regla 36.1 de Procedimiento Civil, establece que "una parte que solicite un remedio podrá, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada." 32 LPRA Ap. V, R. 36.1.  Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Universal Company y otros v. ELA, supra; Meléndez González et al. v M. Cuebas, supra; Ramos Pérez v. Univisión, supra, pág. 213.

Así pues, para adjudicar en los méritos una controversia de forma sumaria, es necesario que, de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y de cualquier otra evidencia ofrecida, surja de que no existe controversia real y sustancial en cuanto a algún hecho material y que, como cuestión de derecho, procede dictar sentencia sumaria a favor de la parte promovente. Pérez Vargas v. Office Depot, 203 DPR 687, 698 (2019); Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V.

La parte promovida, por su parte, deberá presentar una oposición a la solicitud de sentencia sumaria debidamente fundamentada. Rodríguez Méndez v. Laser Eye, *supra*, pág. 787. No podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que deberá contestar en forma detallada y específica, como lo hiciera la parte solicitante. Bobé et al. v. UBS Financial Services, 198 DPR 6, 21 (2017); 32 LPRA Ap. V, R. 36.3(ec).

La omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. Mun. de Añasco v. ASES et al., 188 DPR 307, 327 (2013); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 556 (2011); González Aristud v. Hosp. Pavía, 168 DPR 127, 138 (2006). Solo procede dictar sentencia sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable, y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. Meléndez González et al. v. M. Cuebas, *supra*, pág. 109.

Si el cúmulo de la evidencia demuestra que en efecto no hay controversia sustancial respecto a algún hecho esencial y pertinente, el tribunal deberá dictar sentencia sumaria, si procede como cuestión de derecho. Esto es, si el derecho así lo justifica. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3; Universal Company y otros v. ELA, *supra;* Oriental Bank v. Perapi et al., 192 DPR 7, 25 (2014).

Al revisar una determinación de primera instancia, sobre una solicitud de sentencia sumaria, como foro intermedio podemos: (1) considerar los documentos que se presentaron ante

el foro primario, (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho se aplicó de forma correcta. Segarra Rivera v. Int'l Shipping, et al., 208 DPR 964, 982 (2022); Meléndez González et al. v. M. Cuebas, *supra*, pág. 114. Así pues, el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar solicitudes de sentencia sumaria. Esta revisión es una *de novo*. Segarra Rivera v. Int'l Shipping, et al., *supra*; Meléndez González et al. v. M. Cuebas, *supra*, pág. 116.

**B.**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, establece un mecanismo post sentencia por el cual una parte puede solicitar el relevo de los efectos de una sentencia, siempre y cuando esté presente alguno de los fundamentos allí expuestos. *Pérez Ríos et al. v. CPE*, 213 DPR 203, 214 (2023). En términos literales, la antedicha regla lee como sigue:

> *Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:*
>
> > *(a) error, inadvertencia, sorpresa o negligencia excusable;*
> >
> > *(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*
> >
> > *(c) **fraude** (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), **falsa representación u otra conducta impropia de una parte adversa**;*
> >
> > *(d) **nulidad de la sentencia**;*
> >
> > *(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o*

*(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.*

*Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:*

*(1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;*

*(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y*

*(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.*

(Énfasis nuestro).

Para conceder un remedio bajo esta regla, el tribunal debe considerar dos aspectos importantes. Primero, que la solicitud esté fundamentada en una de las causales que dispone la regla. Segundo, evaluar las circunstancias específicas del caso, y determinar si existen razones que justifiquen la concesión del remedio. *García Colón et al. v. Sucn. González*, 178 DPR 527, 540 (2010).

Por tanto, y como norma general, la determinación de conceder o no el relevo de sentencia es una decisión discrecional. *Íd*. Sin embargo, cuando el relevo se fundamenta mediante la presentación de prueba, conforme el inciso (d) o (e) de la Regla 49.2 de Procedimiento Civil, *supra*, no hay margen de discreción para dejar sin efecto la sentencia. *Íd*., a las págs. 540 y 543. En otras palabras, si la sentencia es nula el tribunal está obligado de conceder el relevo. *Íd*., a la pág. 543; *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 922 (2000).

Respecto al cuarto fundamento – nulidad de sentencia – nuestro Alto Foro ha expresado que, aun cuando la Regla 49.2 de Procedimiento Civil, *supra*, provee que la moción de relevo tiene que presentarse dentro de los seis meses desde que se registró la sentencia, este término es inoperante ante una sentencia nula. *Pérez Ríos et al. v. CPE*, *supra*.

**Una sentencia es nula cuando se ha dictado sin jurisdicción o cuando se ha quebrantado el debido proceso de ley**. *García Colón et al. v. Sucn. González*, *supra*, a la pág. 543. Por lo tanto, independientemente de que haya transcurrido el término de seis meses dispuesto en la Regla 49.2 de Procedimiento Civil, *supra*, el peticionario de un relevo de sentencia posee derecho a incoar un pleito independiente para que se decrete la nulidad de la sentencia impugnada. *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237, 245 (1996). Lo anterior, debido a que el tribunal tiene la facultad inherente, ya sea *muto proprio* o a instancia de parte, para dejar sin efecto en cualquier momento una sentencia nula. *Figueroa v. Banco de San Juan*, *supra*, a la pág. 688.

No obstante, el reconocimiento de esta acción no constituye una llave maestra para dejar sin efecto sentencias válidamente dictadas, ni sustituye los recursos de apelación o reconsideración. *García Colón et al. v. Sucn. González*, *supra*, a la pág. 540. Sino que, la reserva de este derecho está predicada en la justicia fundamental de la reclamación. *Rivera v. Jaume*, *supra*, a la pág. 574.

### III.

Según revela el tracto procesal, los apelados solicitaron en este caso al TPI, el relevo de la sentencia dictada en el caso BY2023CV02549, alegando que el referido dictamen es nulo. En

este caso, el TPI declaró no ha lugar la demanda sobre relevo de sentencia.

Tras un análisis del caso, así como del derecho aplicable, concluimos que el foro apelado actuó conforme a derecho. Por ello, procede la confirmación de la "Sentencia" apelada. En vista de que se hizo un solo señalamiento de error, procedemos a discutirlo.

Como ya explicamos, la Regla 49.2 de Procedimiento Civil, *supra*, dispone un mecanismo post sentencia que permite solicitar el relevo de una sentencia siempre que esté presente alguno de los fundamentos allí contenidos. La aludida disposición provee para que el Tribunal pueda relevar a una parte por, entre otras razones, fraude y nulidad de sentencia.

Aquí se reclama por los apelantes la existencia de controversias de hechos fundamentales, incluyendo falsedad de la declaración jurada para dictar el emplazamiento por edicto de los demandados en el caso anterior que se reclamó la controversia entre las partes. El asunto que se trae en este segundo caso es uno que incide sobre la jurisdicción del TPI en el caso que se dictó sentencia contra los apelantes y eso conduce a este caso en que se solicita oportunamente el relevo de sentencia. Como se sabe, una sentencia es nula cuando se dicta sin jurisdicción, pero en este caso, la Sentencia aquí impugnada, se valida dicha jurisdicción sobre las partes y se interpreta que no es correcto ese planteamiento. El TPI resuelve que la Sentencia que aquí se cuestionó, es una válida y dictada con jurisdicción sobre todas las partes.

El relevo de sentencia no constituye un mecanismo alterno para revisar errores de derecho ni para cuestionar la apreciación de la prueba realizada por el tribunal que dictó la sentencia

original. En el presente caso, el TPI evaluó los señalamientos de fraude basados esencialmente en una alegación relacionada con una llamada telefónica, examinó la declaración jurada del emplazador, consideró el hecho incontrovertido de que los demandados residían fuera de Puerto Rico y determinó que no se configuraba el fraude grave ni la violación fundamental al debido proceso que justificaría anular una sentencia final y firme. Coincidimos con ese análisis.

En dicha Sentencia, el TPI declaró Sin Lugar la Demanda de Relevo tras concluir que no existía controversia sobre el hecho esencial de que, al momento de autorizarse el emplazamiento por edicto en el caso BY2023CV02549, los demandantes eran residentes de la República Dominicana y se encontraban fuera de Puerto Rico. El Tribunal determinó que, conforme a la Regla 4.3(b) y la Regla 4.6 de Procedimiento Civil, el emplazamiento por edicto era el mecanismo procesal correcto ante esa realidad. Asimismo, el foro primario expresó que resultaba innecesario celebrar una vista evidenciaria para dilucidar la controversia, pues tenía ante sí el expediente completo y la prueba documental presentada por las partes, y que el hecho incontrovertido de la residencia fuera de Puerto Rico era suficiente, como cuestión de derecho, para validar el emplazamiento por edicto.

En el presente caso, la acción independiente de relevo presentada por el señor Lantigua González como promovente no ha demostrado error excusable, descubrimiento de evidencia esencial, fraude material, nulidad jurisdiccional ni circunstancia extraordinaria alguna que justifique dejar sin efecto una sentencia final y firme. Lo que plantea es una inconformidad con la determinación judicial previa sobre la validez del emplazamiento, asunto que ya fue evaluado y adjudicado por el Tribunal de

Primera Instancia en el caso original y nuevamente examinado en este pleito de relevo cuya Sentencia aquí evaluamos.

El Apelante en su escrito de Oposición a la Moción de Sentencia Sumaria ante el TPI, donde era demandante, no logró con éxito controvertir los hechos materiales establecidos por los Apelados. Además, como parte opositora a la solicitud de sentencia sumaria, no abordó la medula de la moción de sentencia sumaria ni logró controvertir los hechos esenciales de forma que el TPI, no tenía alternativa que no fuera dictar la Sentencia que aquí revisamos.

A la luz de los criterios establecidos en *Meléndez González et al v. M Cuebas, supra,* pág., *119* se evaluó los escritos pertinentes*.* Al ver que la Oposición de la Moción de Sentencia Sumaria esta no cumple con los requisitos de la Regla 36 de Procedimiento Civil, por lo que no serán considerados. A nuestro juicio no existen hechos materiales en controversia. El Apelante tampoco pudo controvertirlos según disponen nuestras reglas procesales. El TPI aplicó correctamente el derecho a la controversia y lo que correspondía era declarar "Ha Lugar" la Solicitud de Sentencia Sumaria.

El foro primario tuvo ante sí los hechos pertinentes, atendió los señalamientos de los apelantes y certificó, como cuestión de derecho, que procedía validar un proceso de emplazamiento previamente autorizado y una sentencia que advino final y firme y fue cuestionada mediante el procedimiento de relevo de sentencia. Procede confirmar la sentencia apelada.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte del dictamen, confirmamos la "Sentencia" apelada, emitida por el Tribunal de Primera Instancia, Sala de Bayamón.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones